THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KAREN G. BURKE,

        Plaintiff,

v.

JOHN L. GLANTON, ABF CARRIER, INC.,
BOYD BROS. TRANSPORTATION, INC. and
ARCELOR MITTAL USA, INC.,

        Defendants.

12cv851
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION RE: BOYD BROS. TRANSPORTATION'S MOTION TO DISMISS (DOC. NO. 19)

**I. Introduction**

Currently before the Court is Defendant Boyd Bros. Transportation's ("Boyd's") Motion to Dismiss (Doc. No. 19) Plaintiff Karen Burke's ("Plaintiff's") Complaint. The parties' dispute revolves around Plaintiff's husband's 2010 fatal car accident on Interstate 79. Plaintiff's Complaint contains four counts of wrongful death against various Defendants under different theories of liability. Count I alleges vicarious liability against Defendants John L. Glanton ("Glanton") and ABF Carrier, Inc. ("ABF"). Doc. No. 1, ¶¶ 19-23. Count II alleges direct liability against Defendant ABF. Id., ¶¶ 24-29. Count III alleges direct liability against Defendant Boyd.. Id., ¶¶ 30-35. Count IV alleges direct liability against Defendant Arcelor Mittal USA, Inc ("Arcelor"). Id., ¶¶ 36-39. The Complaint includes a request for punitive damages against Boyd. Id. After careful consideration of Boyd's Motion to Dismiss and Brief in Support thereof (Doc. Nos. 19 and 20), Plaintiff's Response in Opposition and Supplement (Doc. Nos. 24 and 29), and Boyd's Reply (Doc. No. 27 ), and for the reasons set forth below, Boyd's Motion to Dismiss (Doc. No. 19) will be **GRANTED in PART and DENIED in PART**.

**II. Factual Background**

When reviewing a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all factual allegations in the Complaint as true and draws all reasonable inferences in Plaintiff's favor. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Taking Plaintiff's factual allegations to be true solely for the purposes of this Memorandum Opinion, the facts of this case are as follows:

On or about August 16, 2010, Defendant John L. Glanton was operating a tractor trailer for his employer, Defendant ABF. Doc. No. 1, ¶¶ 10, 23. He was transporting rebar for Defendant Arcelor on a flat-bed trailer leased from Defendant Boyd. Id., ¶¶ 18, 37. The trailer had not been properly maintained and had insufficient warning lighting, reflectors, and signage. Id., ¶ 32. Plaintiff's husband was driving north on Interstate 79 in Washington County, Pennsylvania. Id., ¶ 37. At that time, Defendant Glanton was pulling a flat bed trailer which was loaded with rebar in the right lane near Mr. Burke's vehicle. Id., ¶¶ 10-11. The rebar was extending out beyond the back of the flat-bed trailer by at least eleven feet. Id. Subsequently, Mr. Burke entered into the right lane behind Defendant Glanton, and when the truck slowed, he crashed into the protruding rebar. Id., ¶ 15. The impact of the accident caused rebar to penetrate the windshield, killing Mr. Burke. Id.

**III. Standard of Review**

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed.R.Civ.P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 675, 679).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Fowler,* 578 F.3d at 210. "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.* at 210-11; *see also Malleus,* 641 F.3d at 560.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and

3

where" will survive a Motion to Dismiss.  *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Servs., Inc.*, 346 F. App'x. 774, 776 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief.  *Twombly*, 550 U.S. at 563 n.8.

**IV. Discussion**

**A. The Court Will Not Convert the Motion to Dismiss to a Motion for Summary Judgment**

As a preliminary matter, the Court must determine if Boyd's Motion to Dismiss shall be converted into a Motion for Summary Judgment because both parties seek to use evidence that the Court may not consider when ruling on a Motion to Dismiss.  Federal Rule of Civil Procedure 12(d) provides in relevant part that "[i]f, on a motion under Rule 12(b)(6)[,] matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  The Court may not consider the affidavit of Mr. Fiquett (Doc. No. 19-2) unless the Motion is converted to a Motion for Summary Judgment.  *Verbanik v. Harlow*, 441 F. App'x 931, 934 (3d Cir. 2011).  The Court declines to do so and thus will not consider Mr. Fiquett's affidavit.[1]

**B. Plaintiff Pled Sufficient Facts that Boyd Owed a Duty**

As this Court is sitting in diversity, the law of the Commonwealth of Pennsylvania applies.  28 U.S.C. § 1652.  "A cause of action in negligence requires a showing of four elements: (1) the defendant had a duty to conform to a certain standard of conduct; (2) the defendant breached that duty; (3) such breach caused the injury in question; and (4) the plaintiff

---

[1] The Court will thus likewise decline to consider the exhibit to Plaintiff's Response (Doc. No. 24-1), ABF's Amended Answer to the Complaint (Doc. No. 28), and Exhibit A to Boyd's Reply (Doc. No. 27-1).

4

incurred actual loss or damage." *Pyeritz v. Commonwealth*, 32 A.3d 687, 692 (Pa. 2011) (citing *Krentz v. Consol. Rail Corp.*, 910 A.2d 20, 27 (Pa. 2006)). In its Motion to Dismiss, Boyd's sole argument is that the Complaint does not sufficiently plead facts that it owed a duty to Plaintiff. Doc. No. 20, 5 n.1.

Whether a duty existed is a policy judgment that considers the totality of the circumstances. *Pyeritz*, 32 A.3d at 692-93 (citing *Sinn v. Burd*, 404 A.2d 672, 681 (Pa. 1979)). The Pennsylvania Supreme Court considers five factors when determining if a duty exists: "(1) the relationship between the parties; (2) the utility of the defendant's conduct; (3) the nature and foreseeability of the risk in question; (4) the consequences of imposing the duty; and (5) the overall public interest in imposing the duty." *Id*. at 693. (citing *R.W. v. Manzek*, 888 A.2d 740, 747 (Pa. 2005)).

Boyd relies on *McCracken v. Ford Motor Co.*, 588 F.Supp.2d 635 (E.D. Pa. 2008), in support of its argument that it did not owe Plaintiff a duty. McCracken had argued that Ford was negligent for not designing its vehicles in a manner which allowed high levels of radioactive materials to circulate in the air when the car was traveling at a high rate of speed. *Id*. at 638. Judge Brody held that McCracken had not pled sufficient facts to allege that Ford owed a duty to prevent such levels of radiation from passing through the windshield at high rates of speed. *Id*. at 643.

Unlike in McCracken, in this case, Plaintiff has pled sufficient facts that Boyd owed a duty. Not having the proper signage on a trailer could foreseeably lead to harm to motorists driving behind the trailer. A duty to maintain tractor trailers, including proper signage, can lead to safer roads and thus is in the public interest. Plaintiff's factual allegations are sufficient to state a claim against Defendant Boyd.

It is only necessary that Plaintiff's Complaint allege that a duty existed, not prove that a duty existed. The factual allegation in the Complaint that Boyd leased the trailer at issue is sufficient to survive a Motion to Dismiss. *See L & B 27th St. Inc., v. Meyer*, 1992 WL 170585, *1 (S.D.N.Y. July 9, 1992) (holding that failure to attach a lease is not sufficient grounds for dismissal under Rule 12(b)(6)); *cf. YES Lifts, LLC v. Normal Indus. Materials, Inc.*, 2011 WL 1770458, *6 (N.D. Ill. May 9, 2011) (holding that pleading a lease exists and a balance was due was sufficient to survive a Motion to Dismiss). To require Plaintiff to produce the lease when filing the Complaint would change the requirements of Rule 8 from notice pleading to fact pleading.[2] *See Twombly*, 550 U.S. at 570.

**C. The Complaint Does Not Plead Sufficient Facts for Punitive Damages**

Boyd moves, in the alternative, to strike Plaintiff's request for punitive damages.[3] Under Pennsylvania law, the Complaint must allege that Boyd's conduct "was outrageous, either because of the defendant's evil motive or reckless indifference to the rights of others." *Summit Fasteners, Inc. v. Harleysville Nat. Bank & Trust Co., Inc.*, 599 A.2d 203, 207 (Pa. Super. 1991) (citing *Gray v. H.C. Duke & Sons*, 563 A.2d 1201 (Pa. Super. 1989)). The Complaint contains no allegation that Boyd's conduct was outrageous and, therefore, Plaintiff's claim for punitive damages is unsupportable. Punitive damages are sought relative to a state law claim and,

---

[2] Boyd moves for Sanctions pursuant to Fed.R.Civ.P. 11. This Motion is without merit. There is no evidence that Plaintiff's counsel failed to comply with Fed.R.Civ.P. 11(b)(3). To the contrary, pages 9 and 10 of Plaintiff's Response (Doc. No. 24) makes it apparent that Plaintiff's counsel has fully complied with Fed.R.Civ.P. 11(b)(3).

[3] Chief Magistrate Judge Hay conducted a detailed analysis of the competing views regarding whether Motions to Strike Punitive Damages Claims should be treated as Motions to Dismiss. *Baldwin v. Peake*, 2009 WL 1911040, *1-2 (W.D. Pa. July 1, 2009) (collecting cases). Because this case does not involve a Magistrate Judge's authority under 28 U.S.C. § 636, and the result would be the same under both Fed.R.Civ.P. 12(b)(6) and Fed.R.Civ.P. 12(f), the Court declines to address the issue.

therefore, a claim must be stated under state law.  28 U.S.C. § 1652; *L & F Homes and Dev. v. City of Gulfport*, 2011 WL 5563205, *3 (S.D. Miss. Nov. 15, 2011) (citation omitted); *Lance Arabians, Inc. v. Beech Aircraft Corp.*, 723 F.Supp. 1444, 1446 (M.D. Fla. 1989).  The lone case cited by Plaintiff, *Kademani v. Mayo Clinic*, 2010 WL 9008906 (D. Minn. Nov. 3, 2010), was a Title VII case and is thus inapplicable to the case at bar.  Therefore, Plaintiff's request for punitive damages against Boyd will be stricken.

## V. Conclusion

In sum, Plaintiff has pled sufficient facts to state a claim for which relief may be granted. The Complaint contains no allegations that would warrant punitive damages against Boyd. Plaintiff's Counsel has complied with Fed.R.Civ.P. 11(b)(3).  Accordingly, Defendant Boyd's Motion to Dismiss (Doc. No. 19) will be **GRANTED in PART and DENIED in PART**. Defendant Boyd's request for Sanctions will be **DENIED**.

An appropriate Order follows.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF Counsel of Record