THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KAREN G. BURKE,

         Plaintiff,

v.

JOHN L. GLANTON, ABF CARRIER, INC.,
BOYD BROS. TRANSPORTATION, INC. and
ARCELOR MITTAL USA, INC.,

         Defendants.

12cv851

**ELECTRONICALLY FILED**

### MEMORANDUM ORDER RE: DEFENDANTS' RENEWED MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT(DOC. NOS. 42 and 47)

**I. Introduction and Factual Background**

Currently before the Court is the Renewed Motion to Dismiss and Motion to Strike Plaintiff's Amended Complaint filed by Defendant Boyd Bros. Transportation, Inc. ("Boyd"), and joined by Defendant Arcelor Mittal USA, Inc. ("Arcelor").[1]  Doc. Nos. 42 and 47.  This Court denied Defendant Boyd's First Motion to Dismiss and struck Plaintiff's claim for punitive damages against Defendant Boyd on November 9, 2012.  Doc. Nos. 31 and 32.[2]

Plaintiff's Amended Complaint (Doc. No. 35) is the same as her Original Complaint (Doc. No. 1) except that all Wrongful Death counts are now for Wrongful Death and Survivorship.  The Amended Complaint also added four paragraphs that state that Defendants' "conduct alleged above may have been outrageous, either because of the defendant's evil motive or reckless indifference to the rights of others."  Doc. No. 35, ¶¶ 24, 31, 37, 42.  The Court incorporates by reference its Factual Background from its prior Memorandum Opinion.  Doc. No. 31, 2.  After careful consideration of Defendant Boyd's Motion to Dismiss and Motion to Strike and Brief in

---

[1] Arcelor only joins Boyd's Motion to Strike.  Doc. No. 47.

[2] The prior Opinion of this Court is reported at *Burke v. Glanton*, 2012 WL 5468932 (W.D. Pa. Nov. 9, 2012) (Schwab, J.).

support thereof (Doc. Nos. 42 and 43), Defendant Arcelor's Motion for Joinder (Doc. No. 47), and Plaintiff's Response in opposition (Doc. No. 49), the Defendants' Motion to Dismiss and Motion to Strike (Doc. Nos. 42 and 47) will be DENIED.

**II. Standard of Review**

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed.R.Civ.P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 675, 679).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims

are sufficient to show a "plausible claim for relief." *Fowler v. UPMC Shayside*, 578 F.3d 203, 210 (3d Cir. 2009). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.* at 210-11; *see also Malleus,* 641 F.3d at 560.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Servs., Inc.*, 346 F. App'x. 774, 776 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

**III. Discussion**

   *A. Count III*

The Court incorporates by reference its analysis of why Plaintiff has pled sufficient facts that Boyd owed a duty. Doc. No. 31, 6-8. There is no new argument in Defendant Boyd's Brief to warrant reconsideration of this holding. Thus, Defendant Boyd's Motion to Dismiss Count III will be denied.

   *B. Punitive Damages*

Plaintiff's Amended Complaint differs in an important respect from her Original Complaint. The Amended Complaint changed all four counts from Wrongful Death to Wrongful Death *and* Survivorship. Pennsylvania does not permit punitive damages in wrongful death actions. *Johnson v. Avco. Corp.*, 2009 WL 4042747, *7 (E.D. Mo. Nov. 20, 2009); *Estate of*

3

*Cooper v. Leamer*, 705 F.Supp. 1081, 1085 (M.D. Pa. 1989); *Skell v. Crown Am. Corp.*, 670 F.Supp. 153, 154 (W.D. Pa. 1987) (Cohill, C.J.); *Harvey v. Hassinger*, 461 A.2d 814, 817 (Pa. Super. 1983).  However, "punitive damages are available in survival action if the decedent could have recovered them if he or she had lived." *Walsh v. Strenz*, 63 F.Supp.2d 548, 550 (M.D. Pa. 1999) (citing *Harvey*, 461 A.2d at 816).  Under Pennsylvania law, the claim for punitive damages "must be supported by evidence sufficient to establish that (1) the defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Arias v. Decker Transp.*, 2008 WL 450435, *3-4 (M.D. Pa. Feb. 14, 2008) (citing *Hutchison v. Luddy*, 870 A.2d 766, 771 n. 7 (Pa.2005)).

In *Weaver v. Univ. of Pittsburgh Med. Center*, Judge Standish denied a Motion to Strike a punitive damages claim based on allegations of "gross, careless, indifferent, and negligent conduct." 2008 WL 2942139, *13 (W.D. Pa. July 30, 2008).  As Judge Standish recognized, "[u]nder Pennsylvania law, the question of punitive damages is usually determined by the trier of fact, and the Court is to decide the issue only when no reasonable inference from the facts alleged supports a punitive award." *Id*.  (quoting *Anderson v. Nationwide Ins. Enter.*, 187 F.Supp.2d 447, 460 (W.D. Pa. 2002) (McLaughlin, J.)).  This Court likewise denied a Motion to Strike a punitive damages claim for generalized statements that Defendants' actions were "atrocious" and "utterly intolerable." *Schiff v. Hurwitz*, 2012 WL 1971320, *5 (W.D. Pa. June 1, 2012) (Schwab, J.) (citing *Schiff v. Hurwitz*, 2012 WL 1828035, *7 (W.D. Pa. May 18, 2012) (Schwab, J.)).

Paragraphs 24, 31, 37, and 42 of the Amended Complaint are supported by factual allegations.  As to Defendant Arcelor, paragraph 40 of the Amended Complaint contains

4

sufficient factual averments to meet the pleading standard of Fed.R.Civ.P. 8(a)(2) for punitive damages.  As to Defendant Boyd, paragraph 34 of the Amended Complaint contains sufficient factual averments to state a claim for punitive damages.  Accordingly, the Motion to Strike will be denied.

**IV. Order**

AND NOW, this 5th day of December, 2012, **IT IS HEREBY ORDERED** that Defendants Boyd Bros. Transportation and Arcelor Mittal USA, Inc.'s Renewed Motion to Dismiss (Doc. No. 42 and 47) is **DENIED.**

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF Counsel of Record